MACKENZIE *et al. v.* HOWARD, administratrix.

A judgment creditor whose debt is secured by an absolute conveyance of land, he having made a bond to reconvey, has no right to levy his *fi. fa.* upon the land or to cause the sale of it until he has made and filed a deed reconveying to his debtor. Nor before doing this has he any right to deprive the debtor of possession and have the property put in the hands of a receiver, merely because the debt remains unpaid, the debtor has become insolvent, and his wife threatens to claim the land. After a proper levy is made, should a sale be hindered or delayed by a frivolous claim interposed by the wife, the creditor's right to equitable relief may then be different.        *Judgment reversed.*
November 27, 1893.

Petition for injunction and receiver. Before Judge RONEY. Burke county. May 27, 1893.

The petition was by the administratrix of William H. Howard against James H. Mackenzie and his wife. It set forth, in substance, the following allegations: About February 6, 1888, Mackenzie delivered to Howard his promissory note, payable November 1st after date, to Howard or order, for $10,000, with interest from date at eight per cent., together with attorneys' fees of ten per cent., and containing a waiver of homestead and ex-

emption. On March 10, 1888, by deed recorded on the 16th of the following month, Mackenzie conveyed to Howard certain real estate in Waynesboro as security for the payment of the note. As additional security therefor he transferred to Howard twenty-seven notes of various customers, representing them to be worth their face value, $10,108.29. He asked Howard to forward to him for collection two of these notes amounting to $365, stating that he would collect the same and send proceeds to Howard, which was done. On February 5, 1889, after repeated and earnest requests of Mackenzie to be allowed to collect said collaterals as agent for Howard and for his account, the same were delivered to Mackenzie for collection only, all sums collected on any of them to be promptly remitted to Howard, and a full statement of all collections and notes still on hand to be rendered whenever called for, Mackenzie acting as agent for Howard and not in any manner for his own use. On information and belief petitioner charges that a large part of said collaterals were collected by Mackenzie, but that only $1,500 were paid to Howard out of the collections, leaving a large amount unaccounted for in Mackenzie's hands; and that on demand repeatedly made for a full statement, he has failed and neglected to make it. Howard demanded the return of the uncollected notes, but Mackenzie refused to return any. On November 12, 1889, Howard sued Mackenzie in Burke superior court on his note for $10,000 with interest, alleging that Mackenzie had conveyed to him the land above mentioned, as security, receiving from Howard a bond conditioned to make titles upon payment of the $10,000 with interest and attorneys' fees. This action was defended by Mackenzie, and on June 5, 1890, a verdict was rendered in favor of Howard, and an award was granted by the judge for $6,756 principal, $412 interest to judgment, $500 attorneys' fees, and

costs, together with interest on the principal and attorneys' fees from date of judgment at eight per cent., with a special lien only on the premises described in the declaration. Judgment was duly entered on the verdict and award for said amounts; the same was not appealed from, and execution issued. After the rendition of the judgment, it was agreed between the parties through their counsel, that the time of payment be extended on the execution, one third to be paid on or before one year from date, one third on or before two years from date, and the other third in three years; all except costs to bear interest at eight per cent.; the premises to be adequately insured in favor of Howard and the policies to be delivered to him; failure to pay any instalment rendering all due and collectible. Mackenzie failing to make any payment as per agreement, the execution was levied, February 29, 1892, on the lands described in the deed and judgment, as the property of Mackenzie. Notice was given to him, and the property was duly advertised for sheriff's sale on the first Tuesday in April, 1892. On the day before the day so advertised, Mackenzie's wife interposed her claim to the property, and made affidavit *in forma pauperis;* and the sheriff postponed the sale. Upon investigation petitioner found that Mrs. Mackenzie's claim to the property was based on a deed from her husband to her, dated September 4, 1888, reciting a consideration of $6,000, and recorded on February 17, 1891. Petitioner charges that this deed to Mrs. Mackenzie is without consideration, was intended to delay, hinder and defraud creditors, and is void and of no effect against petitioner, especially as its date is subsequent to that of the deed to Howard and its record is subsequent to that of the judgment. From time to time pending the claim case, Mackenzie for himself and wife recognized and admitted that the judgment in favor of Howard was a valid lien on the prop-

erty and superior in dignity to the claims of any one, and asked and obtained further time until February 1, 1893, in which to pay the same; partly on which account, and partly because at the time of the levy no deed had been filed under section 3654 of the code, the levy on the property was dismissed by order of plaintiff's attorneys, December 5, 1892, no payment having been made. The extension of time granted has expired, and still no payment has been made. Mackenzie threatens, that if another levy is made, he will procure his wife to file another claim and litigate that as long as he can, and that it will be years before the land will be subjected to the payment of Howard's judgment. Mackenzie has not only failed to make any payment on the judgment, but has failed to keep up the insurance and to pay the taxes due on the property, and to avoid the risk of loss by fire petitioner has been compelled to pay $40 for insurance for the year ending March 10, 1893, and the same amount for the following year, and the sum of $34.50 city tax for 1892 to avoid a sale of the premises by the marshal of Waynesboro. Mackenzie and wife are in possession of one piece of the property which is worth $400 per annum for rent, and by their tenant are in possession of the other piece which is worth $200 per annum rent, and are thus receiving the benefit of all income therefrom. Demand has been made by petitioner for the payment of the debt and for the payment at least of the insurance premiums, taxes and rental value of the premises; but all payment has been refused. At the time he made the deed to Howard, Mackenzie was solvent, but has since become insolvent, and there are now outstanding against him judgments for large amounts unsatisfied; Mrs. Mackenzie according to her affidavit is insolvent, and has little if any property subject to levy; and petitioner has reason to believe that the premises will not sell for enough to pay the princi-

pal of the debt, much less the interest, etc., and that the rental value of the premises will be applied to Mackenzie's use and not to the reduction of the debt. In view of the danger of loss to petitioner, she prays for the appointment of a receiver to take charge of the premises, collect the rents therefrom and hold the proceeds until further order of court; that if the amount due on the judgment is not paid within a reasonable time to be fixed by the court, the premises be sold and the proceeds applied to the payment of the judgment; that Mackenzie and wife be enjoined from collecting any further rents and from altering the present status of the property, etc. Discovery is waived.

The defendants answered the petition, and interposed a demurrer thereto. The injunction was granted and a receiver appointed, who was directed to take possession of the realty, rent it out to the best advantage to such tenants as would give proper security for the rent, and from the rents collected pay all taxes, insurance and necessary repairs, holding the balance until further order. He was authorized to rent to the defendants the place which they occupied, upon their giving satisfactory security for the payment of the rent; and they were ordered to deliver possession of the premises to the receiver.

R. O. Lovett, for plaintiffs in error.

Harper & Brother and J. R. Lamar, contra.

